IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS REED SR., | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-340 |
| | ) | |
| v. | ) | District Judge Baxter |
| | ) | Magistrate Judge Lanzillo |
| | ) | |
| MICHAEL HOLMAN, et al., | ) | RE: ECF No. 29 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Thomas Reed, Sr. ("Plaintiff") initiated this civil rights action with the filing of his Complaint on December 8, 2021. ECF No. 1. At the time, Plaintiff was incarcerated at the Erie County Prison. On December 16, 2021, Plaintiff filed a notice of change of address on the docket indicating that he had been released from prison and resided at a permanent address on Prospect Avenue in Erie, Pennsylvania. ECF No. 6.

On April 25, 2022, Defendants moved to dismiss the complaint for failure to state a claim. ECF Nos. 22, 24. On April 26, 2022, United States Magistrate Judge Richard A. Lanzillo, to whom the case had been referred, issued an order directing Plaintiff to respond to each of those motions on or before May 26, 2022. ECF No. 26. Plaintiff failed to comply.

On August 3, 2022, Judge Lanzillo issued an order directing Plaintiff to show cause for his failure to respond to the motions to dismiss on or before August 24, 2022. ECF No. 27. That order was returned to the Court on September 13, 2022, with a notation from the United States Postal Service indicating that it was undeliverable at Plaintiff's address of record and that no

1

known forwarding address existed. Despite his obligation to do so, no change of address has been filed by the Plaintiff since his initial release from prison. Consequently, Judge Lanzillo noted that he was unable to locate Plaintiff to determine whether he is receiving filings (or, more fundamentally, whether he still wishes to pursue this action).[1]

Based on the foregoing, Judge Lanzillo issued an order on November 10, 2022, administratively closing this action and instructing Plaintiff that, should he fail to communicate with the Court within thirty days, the Court would entertain a motion from Defendants to dismiss this matter for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 28. Plaintiff again failed to respond, and Judge Lanzillo's order was once more returned to the Court as undeliverable.

Defendants have now filed a Motion to Dismiss for Lack of Prosecution. ECF No. 29. In resolving Defendants' motion, the Court notes that the Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*,

---

[1] Because Plaintiff has not provided the Court with a phone number or email address, the Court has no other means by which to contact Plaintiff to attempt to determine his location.

850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Here, each of the six *Poulis* factors plainly support dismissal. Plaintiff certainly bears the responsibility for his own failure to update his mailing address and respond to orders. *See, e.g., Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). Plaintiff's failure to communicate with the Court in pursuit of his claims establishes a history of dilatoriness and deprives Defendants of an opportunity to receive a timely final adjudication. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case" and "establishe[s] a history of dilatoriness"). Moreover, the Court cannot evaluate the potential merits of Plaintiff's claims because he has failed to respond to the deficiencies outlined in Defendants' motions to dismiss. Finally, it appears that the Court's most recent mailings did not reach Plaintiff because he has

failed to maintain a current address with the Court.  Each of these factors weighs in favor of dismissal, with prejudice.

AND NOW, this 26th day of January 2023;

IT IS ORDERED that Defendants' Motion to Dismiss for Failure to Prosecute [ECF No. 29] is GRANTED and this action is dismissed, with prejudice.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge